08 CV 4854

Patrick S. Costello (PC-4243)
Michael J. Weiner (MW-2397)
SILVERMAN SCLAR SHIN & BYRNE, PLLC
381 Park Avenue South
Floor 16
New York, New York 10016
(212) 779-8600

Attorneys for Plaintiff Edith A. Woods

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

EDITH A. WOODS,

          Plaintiff,

-against-

MARGUERITE ACAMPORA and
CITIGROUP GLOBAL MARKETS INC.,

          Defendants.

------------------------------------------------------X

Case No. 08 Civ. _____

**COMPLAINT**

Plaintiff EDITH A. WOODS ("WOODS") by her attorneys Silverman Sclar Shin & Byrne, PLLC, complaining of defendants MARGUERITE ACAMPORA ("ACAMPORA") and CITIGROUP GLOBAL MARKETS, INC. ("CITIGROUP"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action to settle the respective rights and liabilities of two (2) sisters -- WOODS and ACAMPORA -- with respect to a joint investment account established by ACAMPORA at CITIGROUP (CITIGROUP Account No. 382-73501-11 818) (the "Account). The Account was established with a deposit of $1,080,000, the said

sum being the bulk of the net proceeds from the disposition of their family home, known as 5911 Tyndall Avenue, Bronx, New York (the "Real Property").

2. At all times, the signatures of WOODS and ACAMPORA were required to effectuate any withdrawal from the Account.

3. During 2006 and 2007, ACAMPORA made several withdrawals from the Account, aggregating $673,000 including a withdrawal of $373,000 made by forging WOODS' signature on a check drawn on the Account.

4. Of the $673,000 withdrawn by ACAMPORA from the Account, ACAMPORA paid to WOODS only $160,000.

5. WOODS respectfully asks this Court for: (A) a declaratory judgment adjudging that she is entitled to one-half of the current balance of the account plus an amount equal to one-half the net withdrawals from the Account made by ACAMPORA from the Account, together with interest thereon; (B) a judgment compelling ACAMPORA to account for the withdrawn funds; and (C) for damages suffered by WOODS as a result of ACAMPORA'S breaches of fiduciary duty.

6. This action names CITIGROUP so that complete relief may be accorded among WOODS and ACAMPORA.

7. Subject matter jurisdiction is predicated upon diversity of citizenship.

## PARTIES, JURISDICTION AND VENUE

8. WOODS is an individual residing in Norristown, Pennsylvania.

9. ACAMPORA is an individual residing in Bronx, New York.

10. CITIGROUP is a business corporation organized and existing pursuant the laws of New York State with a principal office located at 388 Greenwich Street, New York, New York.

11. Pursuant to 28 U.S.C. § 1332 (a), this Court has original jurisdiction over this action because (a) it is between citizens of different states and (b) the amount in controversy exceeds $75,000 exclusive of interest and costs.

12. Pursuant to 28 U.S.C. § 1391(a), venue lies in the Southern District of New York based upon the facts that (a) both defendants are residents of said judicial district and (b) a substantial part of the events giving rise to the claim occurred in said judicial district.

## SUBSTANTIVE ALLEGATIONS

13. On December 30, 2005, WOODS and ACAMPORA sold the Real Property for the gross purchase price of $1,200,000.

14. At ACAMPORA's urging, $1,080,000 of the net proceeds from the sale (the "Net Proceeds") were deposited into the Account under the title, "Marguerite Acampora and Edith A. Woods as Tenants in Common."

15. The signatures of both ACAMPORA and WOODS were required to effectuate any withdrawal of funds from the Account.

16. In or about April 17, 2006, without the prior consent of WOODS, ACAMPORA wrote a check (number 0064003214) in the amount of $373,000 drawn on the Account payable either to ACAMPORA or for ACAMPORA's sole benefit. ACAMPORA forged, or caused to be forged, WOODS's signature on the check.

17. Upon information and belief, also in April of 2006, CITIGROUP discovered irregularities in the signature on the check and confronted ACAMPORA with the forgery.

18. In April of 2006, an assistant from the office of Richard Lee Rotnem ("Rotnem"), a Financial Advisor at CITIGROUP, called WOODS's workplace and advised WOODS that ACAMPORA had presented a check with a signature purporting to be WOODS and that officials at CITIGROUP had questioned the authenticity of the signature. At this time, WOODS told the assistant that she had not signed the check.

19. The next day, Rotnem contacted WOODS by electronic mail and then called WOODS at her home. Rotnem told WOODS that, if WOODS did not give a statement to representatives of CITIGROUP that WOODS had authorized ACAMPORA to sign WOODS' signature on the check, ACAMPORA would face serious criminal legal problems and an employee at CITIGROUP would lose her job. He cautioned WOODS that their conversation was "off the record."

20. Not wishing to see her sister face legal penalties or other people face serious ramifications, WOODS reluctantly gave a statement to CITIGROUP representatives that she had authorized her sister ACAMPORA to sign her signature on the check whereupon CITIGROUP honored the $373,000 check.

21. In or about June 6, 2006, ACAMPORA paid WOODS $160,000.

22. On or about March 26, 2007, ACAMPORA telephoned WOODS to ask WOODS for her consent for a second withdrawal from the Account in the sum of $300,000 for ACAMPORA to purchase a condominium unit. ACAMPORA told WOODS that she needed the funds immediately to close the condominium purchase, that

all of her belongings were already packed and in the possession of the movers and that she would "lose" the condominium if WOODS did not approve the withdrawal immediately.

23. On or about March 27, 2007, WOODS relented and permitted the withdrawal with the understanding that WOODS would receive a credit against the account balance for one-half of the $300,000 withdrawn.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(Declaratory Judgment as to Plaintiff's Entitlement to Funds in the Account - 29 U.S.C. §§ 2201, 2202)

24. Plaintiff repeats the allegations contained in Paragraphs "1" through "23" hereof as though set forth herein at length.

25. WOODS was entitled to one-half (1/2) of all principal, interest and net gains from the Account.

26. As of this date:

A. ACAMPORA has withdrawn $673,000 from the Account, and has paid to WOODS $160,000, appropriating the remaining $513,000 of the funds withdrawn from the Account for her own use and benefit;

B. Approximately $450,000.00 in cash or cash equivalents remains on deposit in the Account; and,

C. ACAMPORA has refused to permit WOODS to withdraw the balance of her share from the Account or otherwise compensate WOODS therefor.

27. A dispute has arisen between WOODS and ACAMPORA over the proper disposition of the funds remaining in the Account.

244597-2                                  5

28. By reason of the foregoing, WOODS seeks (A) an adjudication that she is entitled to a sum equal to: (i) one-half of the funds currently held in the Account plus (ii) one-half the $673,000 previously paid to ACAMPORA from the Account with interest from the date of each withdrawal (less a credit for the $160,000 previously paid by ACAMPORA to WOODS); and (B) an order directing CITIGROUP to pay over to WOODS said sum from the funds held in the Account and, to the extent that said funds are insufficient to satisfy WOODS' entitlement, adjudicating ACAMPORA liable to WOODS for any deficiency.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(For an Accounting as to Funds Withdrawn by ACAMPORA from the Account)

29. Plaintiff repeats the allegations contained in paragraphs "1" through "28" hereof as though set forth herein at length.

30. Heretofore and prior to the commencement of this action, WOODS, through her attorneys, duly demanded to ACAMPORA that ACAMPORA account for her disposition of all sums withdrawn from the Account.

31. ACAMPORA has failed and refused to render such an accounting.

32. By reason of the foregoing, WOODS is entitled to an accounting from ACAMPORA as to the disposition of the Net Proceeds deposited in the Account.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(For Breach of Fiduciary Duty)

33. Plaintiff repeats the allegations contained in Paragraphs "1" through "32" hereof as though set forth herein at length.

34. ACAMPORA held a position of trust and confidence to WOODS in that: (a) ACAMPORA had taken custody of the Net Proceeds from the sale of the Real

Property which she and WOODS held as tenants-in-common; and (b) as a school teacher without a background in law or business, WOODS relied upon her older sister ACAMPORA for guidance concerning how the Net Proceeds should be disposed of (which guidance included the false representation that deposit of the Net Proceeds was being done so that the funds could be used to pay certain unspecified "taxes").

35. ACAMPORA'S actions were in violation of her fiduciary duties to WOODS in that:

(a) She presented a forged signature of WOODS on a $373,000 check drawn on the Account;

(b) She cajoled and bullied WOODS into countersigning an additional check in the sum of $300,000 and used the funds from such check for her own benefit; and

(c) She has refused to permit the distribution of WOODS' one-half of the Net Proceeds to WOODS and has used the Account that she created as a ruse to keep WOODS from taking possession of said funds.

36. ACAMPORA'S aforesaid actions were unconscionable and inequitable and were taken with knowledge of the consequences and damages that such action would cause WOODS, entitling WOODS to recover both compensatory and punitive damages.

WHEREFORE, plaintiff EDITH A. WOODS demands judgment as follows:

A. On the First Claim for Relief, a judgment:

i. Pursuant to 29 U.S.C. § 2201, declaring WOODS entitled to payment from the Account equal to the sum of: (a) one-half the funds held in the Account plus (b) one-half of the $673,000 previously withdrawn by

ACAMPORA, together with interest from the date of each withdrawal, less (c) credit for the $160,000 paid to WOODS from said funds; and

  ii. Pursuant to 29 U.S.C. § 2202, (a) ordering and permitting CITIGROUP to pay over said sum to the order of WOODS; and, (b) to the extent that such funds are insufficient to satisfy the full amount of WOODS's entitlement, for a judgment against ACAMPORA for such deficiency; and,

 B. On the Second Claim for Relief, a judgment that ACAMPORA account to WOODS for the disposition of the Net Proceeds deposited in the Account, and that WOODS have judgment against ACAMPORA for any sum or balance found to be due WOODS from ACAMPORA on account thereof.

 C. On the Third Claim for Relief, a judgment in favor of WOODS and against ACAMPORA:

  i. In the sum of one-half of the $673,000 previously withdrawn by ACAMPORA together with interest from the date of each withdrawal, less credit for the $160,000 paid to WOODS from said funds; and,

  ii. For punitive damages in a sum to be determined by this honorable court, but in no event less than the attorney's fees and litigation costs that WOODS has been forced to incur because of ACAMPORA'S bald refusal to permit prompt payment to WOODS of her one-half of the Net Proceeds.

  D. For such other relief in favor of WOODS as this Court deems just and proper.

Dated: New York, New York
   May 23, 2008

        Yours etc.,

        SILVERMAN SCLAR SHIN & BYRNE, PLLC

        BY: _____
          PATRICK S. COSTELLO (PC-4243)
          pcostello@silverfirm.com
          MICHAEL J. WEINER (MW-2397)
          mweiner@silverfirm.com

244597-2          9